# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## NOVEMBER 1997 SESSION



FILED

December 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **MITCHELL L. CORSO, SR.,** | ) |
| | ) C.C.A. No. 03C01-9703-CR-00099 |
| Appellant, | ) |
| | ) Morgan County |
| V. | ) |
| | ) Honorable E. Eugene Eblen, Judge |
| | ) |
| **CHARLES JONES, WARDEN,** | ) |
| **& STATE OF TENNESSEE,** | ) (Habeas Corpus-Aggravated Rape) |
| | ) |
| Appellee. | ) |

FOR THE APPELLANT:

Mitchell L. Corso, Sr., <u>Pro</u> <u>Se</u>
M.C.R.C.F.
P.O. Box 2000
Wartburg, TN 37887

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Sandy Copous Patrick
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Charles E. Hawk
District Attorney General

Frank A. Harvey
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Mitchell L. Corso, Sr., pled guilty to aggravated rape. He was sentenced to fifteen years incarceration in the Tennessee Department of Correction. He, thereafter, filed a petition for habeas corpus relief. In his petition he alleged that the indictment against him was insufficient for failing to allege a mens rea. He contends his conviction is void. The trial court dismissed the petition finding that it was not proper for habeas corpus review. The trial court based this finding on the fact that the appellant's conviction was not void on its face and that his sentence had not expired. He appeals this dismissal. Upon review, we affirm.

The appellant contends that the indictment against him did not sufficiently allege the mens rea for aggravated rape.[1] The appellant bases his theory on State v. Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, filed June 20, 1996). The Tennessee Supreme Court has recently reversed Hill holding that indictment was constitutionally and statutorily valid. State v. Hill, No. 01-S-01-9701-CC-00005 (Tenn. Nov. 3, 1997). The Court held the following:

> [F]or offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> > (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
> >
> > (2) the form of the indictment meets the requirements of Tenn. Code Ann. § 40-13-202; and

---

[1]The indictment against the appellant stated that he "did knowingly and feloniously commit the offense of aggravated rape by having unlawful sexual penetration of [the victim], age twelve years, by having sexual intercourse with [the victim]."

(3) the mental state can be logically
inferred from the conduct alleged.

Id. at 3.


In this case sub judice, we find that the appellant's indictment sufficiently alleged the elements of aggravated rape and was constitutionally and properly drafted. The facts as alleged in the indictment make the mental state required for conviction logically obvious. The appellant was fully apprised of the charges against him in ordinary and concise language. His indictment gave the convicting court an adequate basis for subject matter jurisdiction. Therefore, the appellant's conviction is not void and is improper for habeas corpus review.


Accordingly, we find no error of law mandating reversal. The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

-3-

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge

_____
J. CURWOOD WITT, JR., Judge